SEALED

PHILLIP A. TALBERT
Acting United States Attorney
DENISE N. YASINOW
Assistant United States Attorney
ROBERT J. ARTUZ
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

```
FILED

Jul 15, 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
```

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

KIMBERLY ACEVEDO and
PHILIP RICH,

Defendants.

CASE NO. 2:21-cr-00139-MCE

18 U.S.C. § 1341 – Mail Fraud (8 counts); 18 U.S.C.
§ 1028A – Aggravated Identity Theft (2 counts); 18
U.S.C. § 1708 – Possession of Stolen U.S. Mail; 18
U.S.C. § 1029(a)(3) – Unlawful Possession of at
Least Fifteen Access Devices; 18 U.S.C. §§
981(a)(1)(C), 1029(c)(1)(C), and 28 U.S.C. § 2461(c)
– Criminal Forfeiture

## INDICTMENT

COUNTS ONE THROUGH EIGHT: [18 U.S.C. § 1341 – Mail Fraud]

The Grand Jury charges:

KIMBERLY ACEVEDO and
PHILIP RICH,

defendants herein, as follows:

### INTRODUCTION

At times material:

1.  Defendants KIMBERLY ACEVEDO and PHILIP RICH were in a romantic relationship
and resided together at a house on Reuter Drive in West Sacramento, State and Eastern District of
California (the "Reuter Dr. residence").

2.  The U.S. Postal Service (USPS) offered mail forwarding and change-of-address services

1

1  to customers, which allowed them to change their mailing addresses temporarily or permanently in the

2  event of a move or relocation.  Customers could activate this service by submitting an online change-of-

3  address request at www.usps.com, which required them to provide, among other things, a name, email

4  address, new and old mailing address, phone number, and credit card number to pay for the *de minimis*

5  mail-forwarding fee.  Alternatively, customers could submit a change-of-address form at their local

6  USPS office.

7       3.      In August 2020, the United States Postal Inspection Service (USPIS) identified a mail

8  fraud scheme in which ACEVEDO and RICH attempted to take over and took over victims' bank

9  accounts, credit cards, and other financial accounts.  For example, the defendants, posing as the victims

10  using stolen personally identifying information (PII) – e.g., a name, date of birth (DOB), and Social

11  Security number (SSN) – reported fraud on the victims' accounts and requested replacement access

12  cards and checkbooks be sent to the victims' real home addresses to reduce suspicion on the part of the

13  bank, credit card, or other company.  The defendants then submitted a change-of-address request with

14  the USPS and thereby caused the diversion of the access cards and checkbooks to their own address.

15  The defendants did this online at USPS.com by using the victims' PII to pose as the victims and create

16  false email addresses so the victims remained unaware of the changes of address.

17                          **SCHEME AND ARTIFICE TO DEFRAUD**

18       4.      Beginning on a date unknown to the Grand Jury, but not later than March 2019, and

19  continuing through at least March 2021, in the State and Eastern District of California, and elsewhere,

20  ACEVEDO and RICH did knowingly devise, intend to devise, and participate in a material scheme and

21  artifice to defraud, and to obtain monies, funds, credits, assets, securities, and other property by means

22  of materially false and fraudulent pretenses, representations, and promises, and the concealment of

23  material facts.

24                              **MANNER AND MEANS**

25       In furtherance of the scheme and artifice to defraud, ACEVEDO and RICH used the following

26  manner and means, among others:

27       5.      ACEVEDO and RICH lived together and, in addition to in-person communication,

28  communicated with each other through, without limitation, telephone calls and text messages.

INDICTMENT

6. ACEVEDO and RICH obtained the PII of identity-theft victims by collecting, stealing, harvesting, and purchasing such information from a variety of sources, including the dark web. Such PII included without limitation: names, DOBs, SSNs, and mailing addresses. ACEVEDO and RICH obtained the PII with the intent to pose as the victims, without their knowledge or consent, and use their identities to reroute mail matter and financial instruments.

7. ACEVEDO and RICH used the victim PII and other information to apply for new credit cards, debit cards, bank accounts, checkbooks, and other financial instruments to be sent to the victims' real home addresses.

8. ACEVEDO and RICH then posed as the victims and submitted change-of-address requests to USPS at www.usps.com using the victims' PII. Believing that the requests were legitimate, USPS approved and executed many of them, which caused the rerouting of the victims' mail to ACEVEDO and RICH's home at the Reuter Dr. Residence.

9. To facilitate the mail rerouting, ACEVEDO and RICH created false victim email addresses to use with the change-of-address requests so that victims remained unaware of the rerouting.

10. In addition to mail rerouting, ACEVEDO and RICH also contacted banks and credit card companies directly and posed as the victims using the victim PII and, in some cases, additional personal information obtained from the rerouted victim mail. In these instances, ACEVEDO and RICH asked for new credit cards, debit cards, checkbooks, and other financial instruments to be issued under the victims' identities and mailed directly to the Reuter Dr. Residence.

11. Whether through mail rerouting or direct mailing, ACEVEDO and RICH received the victims' credit cards, debit cards, checkbooks, and other financial instruments – which were each connected to an account opened under a victim's identity – via the mail and then fraudulently used those items to withdraw cash and make purchases of goods and services for their own benefit.

12. In some instances, ACEVEDO and RICH manufactured fake means of identification using a combination of their own photos and victim PII to facilitate their scheme and artifice, including for the purpose of opening fraudulent financial accounts and using fraudulent financial instruments.

/ / /

/ / /

## MAILINGS

On or about the dates set forth below, for the purpose of executing the scheme and artifice to defraud, and attempting so to do, ACEVEDO and RICH knowingly caused to be mailed, sent, and delivered by mail and the U.S. Postal Service, according to their direction thereon, the following matters and things:

| COUNT | VICTIM | SUBMISSION DATE OF CHANGE-OF-ADDRESS REQUEST | MAILING DATE (In or about) | MAIL MATTER |
|---|---|---|---|---|
| 1 | Victim 1 | In or about May 2020 | Between May and June 2020 | JP Morgan Chase credit card (ending 6845) issued under Victim 1's identity, deposited for mailing and sent to Victim 1's address, and rerouted to the Reuter Dr. Residence |
| 2 | Victim 2 | In or about May 2020 | May 2020 | Synchrony/JC Penney credit card (ending 8475) issued under Victim 2's identity, deposited for mailing and sent to Victim 2's address, and rerouted to the Reuter Dr. Residence |
| 3 | Victim 3 | In or about August 2019 | Between January and February 2020 | Wells Fargo credit card (ending 5494) issued under Victim 3's identity, deposited for mailing and sent to Victim 3's address, and rerouted to the Reuter Dr. Residence |
| 4 | Victim 3 | N/A | Between January and February 2020 | Wells Fargo credit card (ending 7835) issued under Victim 3's identity, either mailed to the Reuter Dr. Residence or deposited for mailing and sent to Victim 3's address, and rerouted to the Reuter Dr. Residence |
| 5 | Victim 3 | N/A | March 2020 | Wells Fargo credit card (ending 4908) issued under Victim 3's identity, either mailed to the Reuter Dr. Residence or deposited for mailing and sent to Victim 3's address, and rerouted to the Reuter Dr. Residence |
| 6 | Victim 3 | N/A | March 2020 | HSBC Bank checkbook (account ending 8714) issued under Victim 3's identity and deposited for mailing and sent to the Reuter Dr. Residence |

INDICTMENT

| COUNT | VICTIM | SUBMISSION DATE OF CHANGE-OF-ADDRESS REQUEST | MAILING DATE (In or about) | MAIL MATTER |
|-------|--------|----------------------------------------------|----------------------------|-------------|
| 7 | Victim 4 | N/A | January 2021 | Safe Credit Union checkbook (account ending 6593) issued under Victim 4's identity and deposited for mailing and sent to the Reuter Dr. Residence |
| 8 | Victim 5 | N/A | February 2021 | Synchrony Bank credit card (ending 6101) issued under Victim 5's identity and deposited for mailing and sent to the Reuter Dr. Residence |

All in violation of Title 18, United States Code, Section 1341.

COUNT NINE: [18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft]

The Grand Jury further charges: T H A T

KIMBERLY ACEVEDO,

defendant herein, on the following dates, in the County of Yolo, State and Eastern District of California, and elsewhere, did knowingly transfer, possess, and use, without lawful authority, a means of identification of at least one other person during and in relation to a felony violation of Title 18, United States Code, Section 1341 (mail fraud) as described below:

| ON OR ABOUT DATE | TRANSACTION DESCRIPTION |
|------------------|-------------------------|
| January 15, 2021 | ACEVEDO possessed and used the name and HSBC Bank checking account (number ending 8714) of Victim 3 to deposit a $335.24 check that was drawn from Victim 3's HSBC account. During the same transaction, ACEVEDO possessed and used the name and Safe Credit Union checking account (number ending 6593) of Victim 4, which received the deposit. |
| January 17, 2021 | ACEVEDO possessed and used the name and HSBC Bank checking account (number ending 8714) of Victim 3 to deposit a $354 check that was drawn from Victim 3's HSBC account. During the same transaction, ACEVEDO possessed and used the name and Safe Credit Union checking account (number ending 6593) of Victim 4, which received the deposit. |
| February 22 to March 11, 2021 | ACEVEDO possessed and used the name and Synchrony Bank credit card (number ending 6101) of Victim 5 to charge over $2,500 in purchases. |

All in violation of Title 18, United States Code, Section 1028A(a)(1).

///

INDICTMENT

5

1 COUNT TEN: [18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft]

2     The Grand Jury further charges: T H A T

3
4 KIMBERLY ACEVEDO and<br>PHILIP RICH,

5 defendants herein, on the following dates, in the County of Yolo, State and Eastern District of

6 California, and elsewhere, did knowingly transfer, possess, and use, without lawful authority, a means of

7 identification of at least one other person during and in relation to a felony violation of Title 18, United

8 States Code, Section 1341 (mail fraud) as described below:

9
| ON OR ABOUT DATE | TRANSACTION DESCRIPTION |
|---|---|
| April 19, 2020 | RICH and ACEVEDO possessed and used the name and Wells Fargo Bank credit card (number ending 7835) of Victim 3 to make a purchase of over $700 at Firestone Complete Auto Care. |
| April 19, 2020 | RICH and ACEVEDO possessed and used the name and Wells Fargo Bank credit card (number ending 4908) of Victim 3 to make a purchase of over $700 at Firestone Complete Auto Care. |

15 All in violation of Title 18, United States Code, Section 1028A(a)(1).

16 COUNT ELEVEN: [18 U.S.C. § 1708 – Possession of Stolen U.S. Mail]

17     The Grand Jury further charges: T H A T

18
19 KIMBERLY ACEVEDO and<br>PHILIP RICH,

20 defendants herein, on or about October 14, 2020, in the County of Yolo, State and Eastern District of

21 California, and elsewhere, did knowingly and unlawfully possess U.S. Mail that had been fraudulently

22 or deceptively obtained from a mail route, knowing the same to have been stolen, taken, embezzled, and

23 abstracted, in violation of Title 18, United States Code, Section 1708.

24 ///
25 ///
26 ///
27 ///
28 ///

COUNT TWELVE: [18 U.S.C. § 1029(a)(3) – Unlawful Possession of at Least Fifteen Access Devices]

The Grand Jury further charges: T H A T

KIMBERLY ACEVEDO and
PHILIP RICH,

defendants herein, on or about October 14, 2020, in the County of Yolo, State and Eastern District of California, and elsewhere, did knowingly and with intent to defraud possess at least fifteen unauthorized access devices, affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(3).

FORFEITURE ALLEGATION: [18 U.S.C. §§ 981(a)(1)(C), 1029(c)(1)(C), and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1.      Upon conviction of the offense alleged in Counts One through Eight and Eleven of this Indictment, defendants KIMBERLY ACEVEDO and PHILIP RICH shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violation, including but not limited to the following:

a.      A sum of money equal to the amount of proceeds traceable to such offense, for which defendants are convicted.

2.      Upon conviction of the offense alleged in Count Twelve of this Indictment, defendants KIMBERLY ACEVEDO and PHILIP RICH shall forfeit to the United States, pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

3.      If any property subject to forfeiture as a result of the offenses alleged in Counts One through Twelve of this Indictment, for which defendants are convicted:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty;

INDICTMENT

7

1    it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to

2    seek forfeiture of any other property of said defendants, up to the value of the property subject to

3    forfeiture.

4

5

6                                         A TRUE BILL.

7                                         **/s/ Signature on file w/AUSA**

8                                         FOREPERSON

9

10

11    PHILLIP A. TALBERT

12    Acting United States Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT                                  8

No. _2:21-cr-00139-MCE_

## UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA
*vs.*

KIMBERLY ACEVEDO and **No Bail Warrant Pending Hearing**
PHILIP RICH, **No Bail Warrant Pending Hearing**

I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 1341 – Mail Fraud (8 counts); 18 U.S.C. § 1028A – Aggravated Identity Theft (2 counts); 18 U.S.C. § 1708 – Possession of Stolen U.S. Mail; 18 U.S.C. § 1029(a)(3) – Unlawful Possession of at Least Fifteen Access Devices; 18 U.S.C. §§ 981(a)(1)(C), 1029(c)(1)(C), and 28 U.S.C. § 2461(c) – Criminal Forfeiture

*A true bill,*      **/s/ Signature on file w/AUSA**

_____
*Foreman.*

*Filed in open court this* ___15th_____

*day of* ____July_____, *A.D. 2021*

_____/s/ Judy Streeter_____
*Clerk.*

*Bail, $* **No Bail Warrant Pending Hearing**

_____

GPO 863 525

**United States v. Kimberly Acevedo and Philip Rich**
**Penalties for Indictment**

**COUNT 1-8:**       **ALL DEFENDANTS**

VIOLATION:      18 U.S.C. § 1341 – Mail Fraud

PENALTIES:      Up to 20 years in prison; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 9:**       **KIMBERLY ACEVEDO**

VIOLATION:      18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft

PENALTIES:      Mandatory 2 years in prison to run consecutive to any other term imposed
Fine of up to $250,000, or both fine and imprisonment
Supervised release of 1 year

**COUNT 10:**      **ALL DEFENDANTS**

VIOLATION:      18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft

PENALTIES:      Mandatory 2 years in prison to run consecutive to any other term imposed
Fine of up to $250,000, or both fine and imprisonment
Supervised release of 1 year

**COUNT 11:**      **ALL DEFENDANTS**

VIOLATION:      18 U.S.C. § 1708 – Possession of Stolen US Mail

PENALTIES:      Up to 5 years in prison; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release up to 3 years

**COUNT 12:**      **ALL DEFENDANTS**

VIOLATION:      18 U.S.C. § 1029(a)(3) – Unlawful Possession of 15+ Unauthorized
Access Devices

PENALTIES:      Up to 10 years in prison; or
Fine of up to $250,000; or both fine and imprisonment

Supervised release up to 3 years

## FORFEITURE ALLEGATION:   ALL DEFENDANTS

VIOLATION:     U.S.C. §§ 981(a)(1)(C), 1029(c)(1)(C), and 28 U.S.C. § 2461(c) –
               Criminal Forfeiture

PENALTIES:     As stated in the charging document