PHILLIP A. TALBERT
United States Attorney
DENISE N. YASINOW
ROBERT J. ARTUZ
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:21-cr-00139-TLN |
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE:      June 16, 2022 |
| PHILIP RICH, | TIME:      9:30 AM |
| | COURT:   Hon. TROY L. NUNLEY |
| Defendants. | |

## I.    **INTRODUCTION**

### A.    **Scope of Agreement.**

The Indictment in this case charges the defendant, Philip Rich, with violation(s) of 18 U.S.C. § 1341 – Mail Fraud (Counts One through Eight); 18 U.S.C. § 1028A – Aggravated Identity Theft (Count Ten); 18 U.S.C. § 1708 – Possession of Stolen Mail (Count Eleven); and 18 U.S.C. § 1029(a)(3) – Unlawful Possession of at Least Fifteen Access Devices (Count Twelve).  This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case.  This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

PLEA AGREEMENT                                    1

**B.**   <u>**Court Not a Party.**</u>

The Court is not a party to this plea agreement.  Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the Indictment.  The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement.  The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.   <u>**DEFENDANT'S OBLIGATIONS**</u>

**A.**   <u>**Guilty Plea.**</u>

The defendant will plead guilty to Count One, a violation of 18 U.S.C. § 1341 – Mail Fraud; and Count Ten, a violation of 18 U.S.C. § 1028A – Aggravated Identity Theft.  The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement.  The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

**B.** __Restitution.__

The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses.  Defendant agrees that his conduct is governed by the Mandatory Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) and agrees to pay the full amount of restitution to all victims affected by this offense, including, but not limited to, the victims covered in the factual basis, victims covered in those counts to be dismissed as part of the plea agreement pursuant to 18 U.S.C. § 3663A(a)(3), and other victims as a result of the defendant's conduct for the offenses charged in the indictment.  Restitution payments shall be by cashier's or certified check made payable to the Clerk of the Court.

Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

**C.** __Fine.__

The parties agree that no fine is appropriate in this case.

**D.** __Special Assessment.__

The defendant agrees to pay a special assessment of $200 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing.  The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing.  If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

**E.** __Violation of Plea Agreement by Defendant/Withdrawal of Plea.__

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government.  If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein.  A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting

PLEA AGREEMENT                                          3

1  obstruction of justice.  Varying from stipulated Guidelines application or agreements regarding

2  arguments as to 18 United States Code section 3553, as set forth in this agreement, personally or through

3  counsel, also constitutes a violation of the plea agreement.  The government also shall have the right (1)

4  to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts

5  that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would

6  otherwise be barred by this plea agreement.  The defendant shall thereafter be subject to prosecution for

7  any federal criminal violation of which the government has knowledge.  The decision to pursue any or

8  all of these options is solely in the discretion of the United States Attorney's Office.

9          By signing this plea agreement, the defendant agrees to waive any objections, motions, and

10  defenses that the defendant might have to the government's decision.  Any prosecutions that are not

11  time-barred by the applicable statute of limitations as of the date of this plea agreement may be

12  commenced in accordance with this paragraph, notwithstanding the expiration of the statute of

13  limitations between the signing of this plea agreement and the commencement of any such prosecutions.

14  The defendant agrees not to raise any objections based on the passage of time with respect to such

15  counts including, but not limited to, any statutes of limitation or any objections based on the Speedy

16  Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as

17  of the date of this plea agreement.  The determination of whether the defendant has violated the plea

18  agreement will be under a probable cause standard.

19          In addition, (1) all statements made by the defendant to the government or other designated law

20  enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal,

21  whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or

22  administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no

23  claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal

24  Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by

25  the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed.

26  By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

27      F.      **Forfeiture.**

28          The defendant agrees to abandon and forfeit to the U.S. Postal Inspection Service and the United

States voluntarily and immediately all his right, title, and interest to any and all seized items, specifically including the following seized items: rerouted and fraudulently received mail, fraudulent bankcards and checks, a magstripe device, and electronic devices containing personally identifiable information of third parties including smart phones and laptops.  The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property and to not file a claim or assist others in filing a claim in that forfeiture proceeding.

       **G.**    **Asset Disclosure.**

       The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Affidavit" within five (5) weeks from the entry of the defendant's change of plea, including supporting documentation.  The defendant also agrees to have the Court enter an order to that effect.  The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E above.

       **III.**    **THE GOVERNMENT'S OBLIGATIONS**

       **A.**    **Dismissals/Other Charges.**

       The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending Indictment.  The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in paragraphs II.E (Violation of Plea Agreement by Defendant/Withdrawal of Plea), VI.B (Stipulated Guideline Calculation), and VII.B (Waiver of Appeal and Collateral Attack) herein.

       **B.**    **Recommendations.**

       1.    Incarceration Range.

       The government will recommend that the defendant be sentenced to the low end of the applicable guideline range (including the application of the mandatory statutory minimum term) as determined by the Court.

PLEA AGREEMENT

2.    Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

**C.    Use of Information for Sentencing.**

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

**IV.    ELEMENTS OF THE OFFENSE**

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, Count One, a violation of 18 U.S.C. § 1341 – Mail Fraud:

First, between on or about March 2019 and March 2021, the defendant knowingly participated in, devised, or intended to devise, a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, the mails to carry out or attempt to carry

1   out an essential part of the scheme.

2        At a trial, the government would have to prove beyond a reasonable doubt the following

3   elements of the offense to which the defendant is pleading guilty, Count Ten, a violation of 18 U.S.C. §

4   1028A – Aggravated Identity Theft:

5             First, on or about April 19, 2020, the defendant knowingly transferred possessed, or used

6             without legal authority a means of identification of another person;

7             Second, the defendant know that the means of identification belonged to a real person;

8             and

9             Third, the defendant did so during and in relation to a violation of 18 U.S.C. § 1341.

10       The defendant fully understands the nature and elements of the crimes charged in the Indictment

11  to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with

12  his attorney.

13                    **V.      MAXIMUM SENTENCE**

14       **A.    Maximum Penalty.**

15       The maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1341 (Mail

16  Fraud) is 20 years of incarceration, a fine of $250,000, a 3-year period of supervised release, and a

17  special assessment of $100. For a violation of 18 U.S.C. § 1028A (Aggravated Identity Theft), the

18  Court must impose a mandatory sentence of 2 years of incarceration consecutive to any term of

19  incarceration imposed under any other count of the indictment, and the violation further includes a

20  maximum $250,000 fine, a maximum 1-year period of supervised release, and a $100 special

21  assessment. By signing this plea agreement, the defendant also agrees that the Court can order the

22  payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant

23  agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which he

24  is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in

25  any present or future bankruptcy proceeding any restitution imposed by the Court.

26       **B.    Violations of Supervised Release.**

27       The defendant understands that if he violates a condition of supervised release at any time during

28  the term of supervised release, the Court may revoke the term of supervised release and require the

PLEA AGREEMENT                                7

1  defendant to serve up to three additional years of imprisonment.

## VI.    SENTENCING DETERMINATION

### A.    Statutory Authority.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence.  The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence.  The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

### B.    Stipulated Guideline Calculation.

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

> 1.    Base Offense Level:  +7 (U.S.S.G. §2B1.1(a)(1))
>
> 2.    Acceptance of Responsibility:  See paragraph III.B.2 above (-3)
>
> 3.    Intended Loss Amount:  +8 (Over $95,000 – U.S.S.G. §2B1.1(b)(1)(E))
>
> 4.    Victim-related Adjustments:  +2 (More than 10 victims – U.S.S.G. §2B1.1(b)(2)(A))
>
> 5.    Criminal History:  The parties estimate, but do not stipulate, that the defendant's criminal history category will be I.
>
> 6.    Sentencing Range: 15-21 months + mandatory 24 months consecutive (The defendant understands that if the criminal history category differs from the parties' estimate, his Guidelines sentencing range may differ from that set forth here.)

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references, except that the government may move for a departure or an adjustment based on the

PLEA AGREEMENT                                    8

1  defendant's post-plea obstruction of justice (§3C1.1).  Both parties agree not to move for, or argue in

2  support of, any departure from the Sentencing Guidelines, or any deviance or variance from the

3  Sentencing Guidelines under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).

4         The defendant is free to recommend to the Court whatever sentence he believes is appropriate

5  under 18 U.S.C. § 3553(a).  The government will recommend that the defendant be sentenced to the low

6  end of the applicable guideline range (including the application of the mandatory statutory minimum

7  term) as determined by the Court.

8                              VII.      **WAIVERS**

9         A.      **Waiver of Constitutional Rights.**

10        The defendant understands that by pleading guilty he is waiving the following constitutional

11  rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to

12  be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative

13  defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of

14  conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to

15  testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be

16  compelled to incriminate himself.

17        B.      **Waiver of Appeal and Collateral Attack.**

18        The defendant understands that the law gives the defendant a right to appeal his guilty plea,

19  conviction, and sentence.  The defendant agrees as part of his plea(s), however, to give up the right to

20  appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not

21  exceed the statutory maximums for the offenses to which he is pleading guilty.  The defendant

22  understands that this waiver includes, but is not limited to, any and all constitutional and/or legal

23  challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which

24  defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts

25  attached to this agreement is insufficient to support the defendant's plea of guilty.  The defendant

26  specifically gives up the right to appeal any order of restitution the Court may impose.

27        Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if

28  one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the

PLEA AGREEMENT                                    9

1   statutory maximum; and/or (2) the government appeals the sentence in the case.  The defendant

2   understands that these circumstances occur infrequently and that in almost all cases this Agreement

3   constitutes a complete waiver of all appellate rights.

4          In addition, regardless of the sentence the defendant receives, the defendant also gives up any

5   right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any

6   aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

7          Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever

8   attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of

9   the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E

10   herein.

11         **C.**    **Waiver of Attorneys' Fees and Costs.**

12          The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-

13   119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the

14   investigation and prosecution of all charges in the above-captioned matter and of any related allegations

15   (including without limitation any charges to be dismissed pursuant to this plea agreement and any

16   charges previously dismissed).

17         **D.**    **Impact of Plea on Defendant's Immigration Status.**

18          Defendant recognizes that pleading guilty may have consequences with respect to his

19   immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes

20   are removable offenses, including offenses to which the defendant is pleading guilty.  The defendant and

21   his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an

22   aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 USC §

23   1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings

24   to avoid or delay removal, it is virtually certain that defendant will be removed.  Removal and other

25   immigration consequences are the subject of a separate proceeding, however, and defendant understands

26   that no one, including his attorney or the district court, can predict to a certainty the effect of his

27   conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty

28   regardless of any immigration consequences that his plea may entail, even if the consequence is his

PLEA AGREEMENT           10

1  automatic removal from the United States.

2  VIII.   **ENTIRE PLEA AGREEMENT**

3  Other than this plea agreement, no agreement, understanding, promise, or condition between the

4  government and the defendant exists, nor will such agreement, understanding, promise, or condition

5  exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and

6  counsel for the United States.

7  IX.   **APPROVALS AND SIGNATURES**

8  A.   **Defense Counsel.**

9  I have read this plea agreement and have discussed it fully with my client.  The plea agreement

10  accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to

11  plead guilty as set forth in this plea agreement.

12  Dated:   6/13/22

13  _____
DINA SANTOS
Attorney for Defendant

14

15

16  B.   **Defendant.**

17  I have read this plea agreement and carefully reviewed every part of it with my attorney.  I

18  understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully

19  understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my

20  case.  No other promises or inducements have been made to me, other than those contained in this plea

21  agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.

22  Finally, I am satisfied with the representation of my attorney in this case.

23  Dated:   6·13·22

24  _____
PHILIP RICH
Defendant

25  / / /

26  / / /

27  / / /

28

PLEA AGREEMENT                                    11

**C.    Attorney for United States.**

I accept and agree to this plea agreement on behalf of the government.

Dated:   6/14/2022

PHILLIP A. TALBERT
United States Attorney

DENISE N. YASINOW
Assistant United States Attorney

PLEA AGREEMENT                    12

EXHIBIT "A"

Factual Basis for Plea

Between March 2019 and March 2021, defendant PHILIP RICH, and co-defendant Kimberly Acevedo, in the State and Eastern District of California, perpetrated a mail fraud scheme that involved theft of U.S. mail, identity theft, and unlawful possession of dozens of stolen bank cards.

Generally, Acevedo and RICH obtained the personally identifiable information (PII) of victims and used that information to apply for new credit cards, debit cards, checkbooks, and other financial instruments to be sent to the victims' real home addresses. Acevedo and RICH then submitted change-of-address requests to the United States Postal Service at www.usps.com using the victims' PII. These change-of-address requests rerouted the victims' mail to Acevedo and RICH's shared home address, where they would open the mail and use its contents to make fraudulent purchases and cash fraudulent checks.

The scheme also involved aggravated identity theft, in which Acevedo and RICH knowingly used without legal authority the means of identification of various victims in relation to the mail fraud scheme. For example, on or about April 19, 2020, in Yolo County, California, RICH possessed and used the name and Wells Fargo Bank credit card (number ending 7835) of Victim 3 to make an online purchase of over $700 for Firestone tires for the Silverado truck that he drove. That same day, RICH visited a Firestone Complete Auto Care in West Sacramento, California and posed as Victim 3. He used the name and Wells Fargo Bank credit card (number ending 4908) of Victim 3 to pay more than $700 for tires for the same vehicle. In both instances, Acevedo provided Victim 3's name and credit card numbers to RICH through text message. RICH performed these transactions without lawful authority and knowing that Victim 3 was a real person.

When agents executed a search warrant at Acevedo and RICH's residence on October 14, 2020, they seized dozens of notebooks filled with hundreds, if not thousands, of identity-theft victim names, SSNs, and DOBs. The notebooks were scattered throughout the house, though mainly located in Acevedo and RICH's shared bedroom. In addition, agents recovered an envelope, labeled "ID Templates," in the bedroom containing approximately 10-15 fake California Driver's Licenses in the names of various victims, but featuring Acevedo and RICH's photographs and fake authentication features. Agents also recovered the tools required to construct the fake IDs as well as a magstripe device. Further, agents recovered over 50 credit and debit cards in the home as well as approximately 40 checkbooks in victims' names as well as in the names of Acevedo and RICH.

In total, Acevedo and RICH's scheme caused over $110,000 in actual and intended loss.

I have reviewed the entire factual basis in Exhibit A above and, as far as my own conduct and personal knowledge is concerned, I adopt it as my own true statement.

DATED: 6-13-22

PHILIP RICH
Defendant

PLEA AGREEMENT                                              A-1